**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **CHEVRON INTELLECTUAL PROPERTY LLC** <br> **CHEVRON U.S.A., INC.** | **CIVIL ACTION NO. 08-1856** |
| **VS.** | **JUDGE DOHERTY** |
| **BENDEL TEXACO, L.L.C.** | **MAGISTRATE JUDGE METHVIN** |

*SETTLEMENT CONFERENCE ORDER*

Following the Rule 16 telephone conference in this matter, it was agreed that a settlement conference would be productive in this matter.

**IT IS THEREFORE ORDERED** that a settlement conference will be held on **September 18, 2009, at 9:30 a.m.** in chambers of United States Magistrate Judge Mildred E. Methvin, United States District Courthouse, 800 Lafayette Street, Suite 3500, Lafayette, Louisiana.

The following orders are entered to assist the court in an objective appraisal and evaluation of the lawsuit, and to ensure that the necessary parties are present for the conference.

### A.  COURT SECURITY: ELECTRONIC EQUIPMENT

In advance of the settlement conference, the court will furnish court security officers with a list of expected participants with instructions that they be permitted to bring into the building electronic equipment such as calculators, cell phones, laptops, pagers, and PDA's.  If there is a problem or question during the security screening, please ask the court security officer on duty to contact the chambers of the undersigned magistrate judge for instructions.

### B.  CONFIDENTIAL STATEMENTS

1. Each party shall deliver or fax (337.593.5155) to Judge Methvin's chambers a **BRIEF (no more than 5 pages)** Confidential Settlement Conference Statement no later than **September 14, 2009**.   The Statement shall contain the following:

    (a)     The name and title, if applicable, of the client or authorized representative who will be attending the conference with counsel.

    (b)    A statement confirming that the person identified in the preceding paragraph ***personally has full settlement authority as defined under Section C below, entitled* "ATTENDANCE AND SETTLEMENT AUTHORITY."**

    (c)    A brief analysis of the key issues involved in the litigation, including any "sticking points" preventing settlement.

    (d)    If this is a personal injury case, a description of plaintiff's injuries, whether surgery was performed, current medical status, and a copy of the expert economist's report, if any.

    (e)    A description of the strongest and weakest points in your case, both legal and factual.

    (f)    Status of any settlement negotiations, including the last settlement proposal made by you and to you (PARTIES <u>MUST</u> MAKE A GOOD FAITH EXCHANGE OF OFFERS PRIOR TO THE CONFERENCE!).

    (g)    A likely judgment range if plaintiff were to prevail.

    (h)    The chance, expressed as a percentage, that plaintiff will prevail at trial.

    (i)    A settlement proposal that you would be willing to make in order to conclude the matter and stop the expense of litigation.

    (j)    A compensation intervenor shall also provide the current amounts of compensation and medicals paid, an evaluation of the likelihood of future exposure and a calculation of future exposure including a description of the factors used in the calculation.

    (k)    An estimate of the legal fees and expenses which will be incurred from the date of the conference through the trial level, if the case is not settled.

2.    Counsel for plaintiff shall also attach a copy of the pretrial stipulations filed with the Clerk, if any.

3.    Copies of the following documents are not required but may be attached if they exist and counsel deems them relevant:

    (a)    <u>Major</u> relevant medical reports concerning plaintiff's medical condition;

    (b)    Economic loss reports;

    (c)    Liability expert reports;

       (d)     Any other documents which counsel believe may be of benefit to the Court in evaluating the case.

4. The contents of the Statements and all communications made in connection with the settlement conference are confidential and will not be disclosed to anyone without the express permission of the communicating party. The Statements and any other documents submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

### C. ATTENDANCE AND SETTLEMENT AUTHORITY

1. **IN GENERAL: Trial counsel and each party or a representative of that party with FULL SETTLEMENT AUTHORITY, defined below, shall personally attend the conference.** This order is made in consideration of the specific facts and the nature of this case, and in light of the court's interest in using judicial resources in the most efficient manner possible. In re Stone, 986 F.2d 898 (5th Cir.1993).

   **If personal attendance of a party would be unduly burdensome – for example where the party resides in London or another foreign location, counsel for that party may request an exception to this requirement. Any request for an exception must be made *as soon as possible, but no later than 14 days before the conference.***

2. **"FULL SETTLEMENT AUTHORITY"** means that the representative has full and complete discretion to settle the case; that the representative has not been given any limitations on his or her discretion; that the representative is not simply a stand-in for the real decision-makers in the case, or one who shares decision-making authority with others; that the representative does not need to contact anyone else if information comes to light during the settlement conference which completely changes the complexion of the case; and that the representative can make significant or even drastic changes in the settlement posture of the party in question without need to consult with others.

   > *If decision-making authority is held by more than one person, all persons with such authority must attend the conference (see below regarding board approval).*

   For a defendant, "full settlement authority" includes final authority to commit the defendant to pay a settlement amount up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000) or up to the plaintiff's last demand, whichever is lower.

   For a plaintiff, the representative must have final authority to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.

For a workmen's compensation-type intervenor, the representative must have final authority to negotiate and compromise the intervenor's claims, including authority to waive its intervention, to contribute an amount toward settlement up to its estimated future exposure, to approve a settlement agreement between plaintiff and defendants, or any combination of thereof.

3. **BOARD APPROVAL**. If Board approval is required to authorize settlement, attendance of the entire Board is required unless the court grants an exception to this requirement. Any request for an exception must be made ***no later than fourteen business days before the conference.*** The attendance of at least one sitting member of the Board (preferably the Chairman) is absolutely required.

4. **INSURANCE COMPANIES**. Any insurance company that is a party or is contractually required to defend or to pay damages must have a fully authorized settlement representative present at the conference. **Such representative must have final settlement authority to commit the company to pay, in that representative's discretion, any amount within the policy limits or up to the plaintiff's last demand, whichever is lower.** Any insurance company which sends a representative who, in the course of settlement negotiations indicates that he or she must call another adjustor or representative to obtain additional settlement authority, will be deemed in contempt of this order. If personal attendance would be burdensome or unnecessary, a company may apply for an exception to this requirement. Any request for an exception must be made ***no later than fourteen business days before the conference.***

    Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this order.

5. **OTHER NECESSARY PARTIES** Any other person or entity whose participation is necessary for settlement of the case, whether a party or not, must be in attendance at the settlement conference. In order to effectuate this requirement, counsel of record shall inform Magistrate Judge Methvin as soon as possible of the existence of such a person or entity so that their attendance may be ordered, if necessary.

6. **FAILURE TO COMPLY** Failure to fully comply with these attendance requirements will result in a certification of contempt, and/or the imposition of appropriate sanctions absent a showing of good cause.

Signed at Lafayette, Louisiana, on July 8, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)